Bayard H. Ames, for appellant.
M. L. Malevinsky, for respondent.

INGRAHAM, J. We think that upon the evidence the case was properly submitted to the jury, both as to the defendant's negligence and the deceased's freedom from contributory negligence, and that no error was committed which would justify a reversal of the judgment. While upon the record we would have been better satisfied if the verdict had been for the defendant, and would not have interfered if the learned trial justice had set aside the verdict as against the weight of evidence, we do not think that the evidence preponderates so strongly in favor of the defendant as to justify us in granting a new trial upon that ground.

We think, however, that the verdict is excessive. The recovery under section 1904 of the Code of Civil Procedure was limited to a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought, viz., the next of kin of the decedent. The decedent was unmarried, leaving a mother, a resident of Ireland, his next of kin; and it was only the damage sustained by the mother of the decedent, caused by his death, for which the defendant was liable. The evidence of what the decedent had paid towards the support of his mother was quite indefinite, and the jury evidently were under the impression that they could award compensation to the decedent's sisters.

Our conclusion is that the recovery should not exceed $2,500, and the judgment and order will therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the recovery to that amount, in which case the judgment, as so modified, and the order appealed from, will be affirmed, without costs. All concur.

---

(55 Misc. Rep. 158.)

### In re FEENEY'S WILL.

#### (Surrogate's Court, Kings County. June, 1907.)

WILLS—COMPETENCY OF TESTATOR—EVIDENCE.

Where a will was drafted under the direction of a reputable attorney, and he testifies as to the character of the testator, and as to the instructions given him in preparing the will, and is corroborated in those respects by other witnesses, the will will be admitted to probate over the objection that by use of intoxicating liquors testator was incompetent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 145.]

In the matter of the probate of the will of Michael E. Feeney. Probate decreed.

Theodore Burgmyer, for proponent.
Leroy W. Ross, special guardian.

CHURCH, S. The evidence in this case shows that the testator had for many years been addicted to the use of intoxicating liquors, and that, at the time of the making of this will, he was in bad physical shape. This evidence, standing alone, would call for a very close scrutiny of the circumstances attending the execution of the will.

It is a well-established principle that, where the alleged incompetency results from the use of intoxicants rather than from any mental infirmity, it is necessary, in order to warrant a refusal of probate to a will, to establish that, at the time of the making of such will, the testator was so much under the influence of the intoxicant as to be unable to bring to its execution the calm judgment which the law requires. This fact has not only not been shown, but, on the contrary, the will has been shown to have been drafted and executed under the direction of an attorney of this court who has for many years borne an excellent reputation. He explains in minute detail the character of the testator and the nature of the instructions given, in all of which he is corroborated by other witnesses, and his evidence appeals to me as entirely truthful and natural. Under these circumstances, therefore, the will should be admitted to probate.

Probate decreed.